Opinion filed February 24,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00132-CV

                                                    __________

 

       BWD, INC. D/B/A
WITT INTERNATIONAL TRUCKS, Appellant

 

                                                             V.

 

  JOHN CHARLES STEVENS,
JR. AND DOUG PATTERSON, Appellees



 

                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CV46897

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            BWD,
Inc. d/b/a Witt International Trucks sued John Charles Stevens, John Charles
Stevens, Jr., and Doug Patterson for breach of fiduciary duty, conversion, money
had and received, conspiracy, theft, tortious interference with contractual
relations, negligence, gross negligence, and willful misconduct.  The trial
court granted the no-evidence motions for summary judgment filed by Patterson
and Stevens, Jr., entered judgment that BWD take nothing from Patterson and Stevens,
Jr., and severed these claims from the remaining suit against Stevens.[1]
 BWD appeals.  We affirm.

            BWD
presents a single issue on appeal.  In that issue, BWD contends that the trial
court erred in granting Patterson’s motion for summary judgment with respect to
the cause of action for breach of fiduciary duty.  BWD alleged that Patterson,
a customer of BWD, knowingly induced John Charles Stevens to breach the
fiduciary duty that Stevens owed to BWD as BWD’s service manager and that
Patterson was thus liable as a joint tortfeasor.  Liability may be imposed on a
third party as a joint tortfeasor when the third party knowingly participates
in the breach of fiduciary duty.  Kinzbach Tool Co. v. Corbett-Wallace Corp.,
160 S.W.2d 509, 514 (Tex. 1942); Kastner v. Jenkens & Gilchrist, P.C.,
231 S.W.3d 571, 580 (Tex. App.—Dallas 2007, no pet.).  In his motion for
summary judgment, Patterson asserted that there was no evidence that he
knowingly induced or participated in any breach of fiduciary duty and no
evidence that Stevens breached any fiduciary duty owed to BWD.  BWD filed a
response and requested leave to file a supplemental response to Patterson’s
motion.  Although the trial court granted BWD’s request for leave, BWD did not
file any additional summary judgment evidence.[2]

We review a no-evidence summary judgment under the same standard as a directed
verdict.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003).  Accordingly, we examine the record in the light most favorable to the
nonmovant and disregard all contrary evidence and inferences.  Id.; Wal-Mart
Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  A trial court
must grant a proper no-evidence motion for summary judgment unless the
nonmovant produces more than a scintilla of probative evidence to raise a
genuine issue of material fact.  Tex. R.
Civ. P. 166a(i); Wal-Mart, 92 S.W.3d at 506.   

            The
summary judgment evidence indicates that Stevens, in numerous invoices to
Patterson over a four-year period, charged the parts and labor supplied by BWD
at BWD’s cost.  BWD estimated its loss from these invoices at approximately
$62,377.  According to BWD, Stevens was not authorized to provide parts and
labor to Patterson at cost.  BWD asserts that Stevens’s actions constituted a
breach of his fiduciary duty to BWD and that a genuine issue of fact exists as
to Patterson’s role in inducing or assisting in Stevens’s breach of fiduciary
duty.  In support of this assertion, BWD relies upon an excerpt from the
deposition of Greg Witt, the president and general manager of Witt
International Trucks.  Witt confronted Stevens about one of the invoices, and
Stevens explained that “Patterson offered to mow our [BWD’s] grass in the back
lot and that that’s why he went ahead and fixed the invoice at cost.”  This
statement constitutes no more than a scintilla of evidence that Patterson
knowingly participated in any breach of fiduciary duty; it merely indicates
that Patterson offered to provide services to BWD in exchange for a discount on
that invoice.  

            Because
BWD failed to produce more than a scintilla of evidence that Patterson
knowingly induced or assisted in Stevens’s alleged breach of fiduciary duty,
the trial court properly granted Patterson’s no-evidence motion for summary
judgment.  BWD’s issue is overruled.  

            The
judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

February 24,
2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that the senior John Charles Stevens is not a
party to this appeal.





 

[2]We note that BWD included the deposition of Stevens in
its appellate brief.  That deposition, however, was not included as summary
judgment evidence in the trial court, is not part of the record on appeal, and
cannot be considered by this court.